UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:10CV500-GCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| v. | ) | **(BY CONSENT)** |
| | ) | |
| APPROXIMATELY $564,313.47 IN | ) | |
| UNITED STATES FUNDS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion to lift the stay and for a consent judgment of forfeiture against a portion of the defendant property.

THE COURT FINDS THAT:

1. A verified complaint for forfeiture <u>in rem</u> of the defendant property was filed on October 7, 2010. The same day, the Clerk issued a warrant for arrest <u>in rem</u>.

2. Process was fully issued in this action and returned according to law. Pursuant to the warrant for arrest <u>in rem</u>, as shown by the process receipt and return filed herein on November 19, 2010, the defendant property was deposited into a government suspense account. Service of process was made by internet publication of notice, as shown by the government's declaration filed on November 8, 2010.

3. Notice was served on Reginald Martin ("claimant"), through counsel.

4. By consent of the government and claimant, this Court stayed this civil case on January 19, 2011, without prejudice to claimant's rights to file a claim and other pleadings or motions.

5. On June 9, 2011, claimant was charged in a bill of information filed in a related criminal case, No. 3:11CR173-RJC, with filing a false tax return in violation of 26 U.S.C. § 7206(1). In a plea agreement filed on June 14, 2011, he agreed to file all required tax returns; pay $198,886.00 of the defendant funds in this civil case for taxes due; and forfeit $91,356.87 of the remainder of the defendant property herein, with the sum of $274,070.60 to be returned and held in his attorney's trust account. On June 30, 2011, he entered his plea of guilty.

6. Based on the affidavit of Task Force Officer Jennifer LaFortune, filed with the complaint, the government has shown probable cause to believe that the defendant property is proceeds of and/or was used or intended to be used to facilitate structuring of currency deposits in violation of 31 U.S.C. § 5324(a) and that it is therefore subject to forfeiture under 31 U.S.C. § 5317(c)(2).

7. The parties have agreed to settlement of all forfeiture matters in accordance with the claimant's plea agreement in the related criminal case. The Court deems the forfeiture provisions of the plea agreement to be substantially equivalent to a claim and an answer duly filed herein by claimant. No other person has filed a claim herein within the time permitted by law.

8. As provided in the plea agreement and the consent form, the government and claimants have agreed to the forfeiture of $91,356.87 of the defendant property; application of $198,886.00 for taxes due; and the release of the remaining $274,070.60 to claimants' attorney's trust account.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a judgment of forfeiture by consent against $91,356.87 of the defendant property.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The government's motion to lift the stay and for a judgment of forfeiture as to $91,356.87 is hereby granted.

2. Any and all right, title and interest of all persons in the world in or to the following property is hereby forfeited to the United States; and no other right, title, or interest shall exist therein: approximately $91,356.87 in United States funds.

3. The United States is hereby directed to dispose of the forfeited defendant property as provided by law; to release $198,886.00 for payment of taxes; and to release the remaining $274,070.60 of the defendant property to Attorney Noell Tin, counsel for claimant, in accordance with the settlement of the parties.

4. Each party shall bear its own costs, including attorney fees.

**SO ORDERED**

Signed: October 24, 2011

Graham C. Mullen
United States District Judge